IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**TERRY HARRIS, Individually and on behalf of All Others Similarly Situated**  **PLAINTIFF**

vs.   No. 7:17-cv-96

**PEL-STATE BULK PLANT, LLC,
d/b/a PEL-STATE SERVICES and
WILLIAM H. BROYLES, II**   **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Terry Harris, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Pel-State Bulk Plant, LLC, d/b/a/ Pel-State Services and William H. Broyles, II (collectively "Defendants"), and in support thereof does hereby state and allege as follows:

**I.**

**PRELIMINARY STATEMENTS**

1. This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants.

2. The proposed Section 216 class is composed entirely of employees who are or were Frack Fuel Drivers for Defendants, who, during the applicable time period, work/worked for Defendants and are/were denied their fundamental rights under applicable federal wage and hour laws.

3. The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative class members.

4. Plaintiff, both individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for all of the hours in excess of forty hours in a single week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

6. Terry Harris files herewith his own written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

## II.

## JURISDICTION AND VENUE

7. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

8. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Midland-Odessa Division of the Western District of Texas; therefore, venue is proper within this District Pursuant to 28 U.S.C. § 1391.

## III.

## THE PARTIES

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff Terry Harris is a resident of Dallas County. He was employed by Defendants as a Frack Fuel Driver within the three (3) years preceding the filing of this Original Complaint.

11. Plaintiff has been employed by Defendants since about February of 2017 until present, and works out of Defendants offices located at 11018 WCR 46, Midland, Texas 79707.

12. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

13. Defendant Pel-State Bulk Plant, LLC, d/b/a/ Pel-State Services (hereinafter "Pel-State") is a Louisiana limited liability company, licensed to do business in the State of Texas.

14. Pel-State's registered agent for service of process is Incorp Services, Inc., 815 Brazos, Suite 500, Austin, Texas 78701-0000.

15. Defendant William H. Broyles, II (hereinafter "Broyles"), is a resident of Louisiana and at all times relevant to this Complaint, was an officer and member of Pel-State.

16. At all times relevant hereto, Defendant Broyles had operational control over Pel-State.

17. At all times relevant hereto, Defendant Broyles had the power to hire and fire employees of Pel-State, and supervised and set wages and wage policies for Pel-State employees.

18. Defendant Pel-State is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

19. Defendant Broyles is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

20. Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

21. Pel-State's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated).

## IV.

## REPRESENTATIVE ACTION ALLEGATIONS

22. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

23. Plaintiff Terry Harris brings this claim for relief for violation of the FLSA as collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Frack Fuel Drivers who were or are employed by Defendants and who are entitled to payment for all overtime wages earned which

Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

24. Plaintiff is unable to state the exact number of the class but believes that the class membership exceeds 25 persons but is less than 250 persons. Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

25. The names and physical and mailing addresses of the probably FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probably FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

26. The email addresses of many of the probably FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probably FLSA collective action Plaintiffs via text or email to their last known email address as soon as possible.

27. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on text or email just as much as or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

28. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A. Defendants' uniform failure to compensate employees pursuant to the requirements of the FLSA; and

B. Defendants' failure to pay members of the class all overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

## V.

## FACTUAL ALLEGATIONS

29. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

30. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as a Frack Fuel Driver.

31. As a Frack Fuel Driver, Plaintiff's primary duties were to fuel up frack equipment at well sites.

32. Plaintiff was classified as an hourly employee the entire duration of his employment with Defendants.

33. During Plaintiff's employment as a Frack Fuel Driver, he was paid an hourly rate.

34. During his shifts, Plaintiff always worked in excess of forty (40) hours per week throughout his tenure with Defendants.

35. Plaintiff was clocked in at the start of his shifts and clocked out at the end of his shifts by another employee of Defendants through a system that was implemented and maintained by Defendants.

36. Plaintiff has not received overtime compensation for all hours worked during weeks in which he worked more than forty hours.

37. Plaintiff and the other Frack Fuel Drivers were and are entitled to 1.5 times their regular rate of pay for all hours worked in excess of 40 in a week.

38. Defendants paid Plaintiff and other Fuel Frack Drivers overtime compensation for some hours worked in excess of 40 hours per week, but refused to pay Plaintiff and other Fuel Frack Drivers for all hours, even though Defendants were aware of those additional hours worked.

39. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and their other Frack Fuel Drivers violated the FLSA.

40. Defendants' workers routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## VI.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

42. Plaintiff brings this collective action on behalf of all Frack Fuel Drivers employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative Class for all the overtime compensation for all the hours he and they worked in excess of forty (40) hours each week and did not get paid.

43. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

44. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

> **All employees of Defendants who were employed as Frack Fuel Drivers or any similar position during the statutory period.**

45. This action is properly brought as a class action pursuant to the collective action procedures of the FLSA.

46. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least twenty-five putative class members have worked for Defendants without appropriate pay, as described herein, throughout the applicable statutory period.

## VII.
## FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

47. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

48. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) hours per week. 29 U.S.C.S. § 207 (LEXIS 2013).

49. Defendants failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week.

50. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

51. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

52. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.

## SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA against Plaintiff and All Similarly Situated Class Members)

53. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

54. Defendants required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

55. Defendants deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

56. Defendants' conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

57. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

## IX.

## EQUITABLE TOLLING

58. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

59. The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

60. Defendants, as employers with a duty to comply with the FLSA and the means to do so, were and had at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendants should not be permitted to benefit from this imbalance of power by the passage of time.

61. Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

62. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F. Supp.2d 435 (D.N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

63. Defendants failed to post all appropriate notices regarding the FLSA.

# X.

## WILLFULNESS

64. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

65. All actions by Defendants were willful and not the result of mistake or inadvertence.

66. Defendants knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

67. Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the failure to pay overtime to positions very similar to Fuel Frack Driver.

68. Despite being on notice of their violations, Defendants chose to continue to fail to pay Plaintiffs and other members of the proposed collective class for all hours worked over forty (40) per week and withhold overtime wages to them in an effort to enhance their profits.

69. Additionally, upon information and belief, some members of the proposed collective class from time to time complained to Defendants about the unlawfulness of Defendants' manner of payment and policies related to improper payment procedures.

# XI.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Terry Harris respectfully prays that Defendants be summoned to appear and to answer herein as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(g) An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(h) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**TERRY HARRIS,
Individually and on Behalf of
All Others Similarly Situated,
PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com